**Floritulia PERALTA GANDARILLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74351.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 16, 2007.*

Filed May 23, 2007.

Reynold E. Finnegan, Esq., Finnegan & Diba a Law Corporation, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Floritulia Peralta Gandarilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's determination regarding continuous physical presence in the United States, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and we grant the petition for review and remand.

The BIA concluded that Gandarilla failed to prove her continuous physical presence between February 27, 1988 and February 27, 1998. However, a letter from Gandarilla's employer stated that payroll records indicated that she was a permanent employee and started work in California on February 18, 1988. Several earnings statements and W–2 forms and tax returns for 1988 and subsequent years indicate steady full-time employment in California. Gandarilla's son's California birth certificate and immunization record indicate Gandarilla's presence in December 1988 and thereafter. Independent documentary evidence therefore establishes her presence and substantial evidence does not support the BIA's finding

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that these documents do not "sufficiently bolster Gandarilla's testimony, or establish continuous physical presence for the requisite period of time."

To the extent the BIA adopted and affirmed the IJ's findings, the IJ's finding that "[t]he only other documentation is ... a[n] earnings statement for the period date ending March 31, 1988," is not supported by substantial evidence. The record does contain other relevant documents, including W–2s, tax returns, other weekly earnings statements from 1988, 1989 and 1990, and a letter from the payroll department of Gandarilla's employer at that time. Further, the IJ discounted the March 31, 1988, earnings statement on the ground that it lacked identifying information to associate it with Gandarilla or her employer. On the contrary, the employee number corresponds with Gandarilla's name and Social Security number on her W–2s and other earnings statements.

Accordingly, we grant the petition for review. *See id.* at 853–55. The IJ did not make a hardship or moral character finding, so we remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**